UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIVA D. BLACK,<br><br>                Plaintiff,<br><br>        v.<br><br>DEPARTMENT OF STATE HOSPITALS, et al.,<br><br>                Defendants. | Case No. 22-cv-05037-JD<br><br>**ORDER RE SERVICE** |

Plaintiff, a former patient at Napa State Hospital, filed a pro se civil rights complaint under 42 U.S.C. § 1983. In the Court's initial screening order, plaintiff's original and first amended complaints were dismissed with leave to amend. Plaintiff has filed a second amended complaint (SAC). The due process claims are dismissed with prejudice. The religious practices claims will go forward.

**DISCUSSION**

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings are liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff's main claim is that he is being involuntary medicated in violation of his religious beliefs. The SAC also appears to allege due process claims, in considerably less clear and emphatic terms. In light of plaintiff's pro se status, the Court will assume such claims have been presented.

The Supreme Court has recognized a liberty interest in freedom from unwanted antipsychotic drugs. *Washington v. Harper*, 494 U.S. 210, 221-22 (1990); *United States v. Ruiz-Gaxiola*, 623 F.3d 684, 691 (9th Cir. 2010). For convicted inmates, or those awaiting trial, the "liberty interest in avoiding unwanted medication must be defined in the context of the inmate's confinement." *United States v. Loughner*, 672 F.3d 731, 745 (9th Cir. 2012) (quoting Harper, 494 U.S. at 222). If it is determined that an inmate is a danger to himself or others, and treatment in his medical interest, the Due Process Clause allows the State to treat an inmate with serious mental illness with antipsychotropic drugs against his will. *See Harper*, 494 U.S. at 227; *Riggins v. Nevada*, 504 U.S. 127, 135 (1992). Such treatment requires a determination by a neutral factfinder that the antipsychotic drugs are medically appropriate and that the circumstances justify their

2

application. *See Kulas v. Valdez*, 159 F.3d 453, 455-56 (9th Cir. 1998); *Harper*, 494 U.S. at 233 (administration of antipsychotic drugs "cannot withstand challenge if there are no procedural safeguards to ensure the prisoner's interests are taken into account.").

Although a prisoner has the right to be present at and participate in a pretreatment hearing, this requirement may be relaxed in an emergency situation where the prisoner poses an imminent and serious danger to himself or others. *See Kulas*, 159 F.3d at 456; *Loughner*, 672 F.3d at 754. A decision to forcibly medicate because of dangerousness need not meet any heightened standard of proof in order to comport with due process. *Loughner* at 756. An inmate is not entitled to counsel at an involuntary medication hearing. *Id*. at 756-57.

In California, the procedural requirements for involuntary medication of prisoners are stated in *Keyhea v. Rushen*, 178 Cal.App.3d 526 (Cal. Ct. App. 1986). "A *Keyhea* order permits the long-term involuntary medication of an inmate upon a court finding that the course of involuntary medication is recommended and that the prisoner, as a result of mental disorder, is gravely disabled and incompetent to refuse medication, or is a danger to himself or others." *Davis v. Walker*, 745 F.3d 1303, 1307 n.2 (9th Cir. 2014).

For plaintiff's religious beliefs claim, Section 3 of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") applies. "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). The statute applies "in any case" in which "the substantial burden is imposed in a program or activity that receives Federal financial assistance." 42 U.S.C. § 2000cc-1(b)(1). RLUIPA grants a private right of action: "A person may assert a violation of [RLUIPA] as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. § 2000cc-2(a); cf. § 2000bb-1(c). For purposes of this provision, "government" includes, inter alia, states, counties, municipalities, their instrumentalities and officers, and "any

3

other person acting under color of state law." 42 U.S.C. § 2000cc-5(4)(A).

"To state a claim under RLUIPA, a prisoner must show that: (1) he takes part in a "religious exercise," and (2) the State's actions have substantially burdened that exercise. *See Shakur v. Schriro*, 514 F.3d 878, 888-89. If the prisoner satisfies those elements, then the State must prove its actions were the least restrictive means of furthering a compelling governmental interest. *Warsoldier v. Woodford,* 418 F.3d 989, 995 (9th Cir.2005)." *Walker v. Beard*, 789 F.3d 1125, 1134 (9th Cir. 2015).

To establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *See Shakur*, 514 F.3d at 883-84. A prisoner is not required to objectively show that a central tenet of his faith is burdened by a prison regulation to raise a viable claim under the Free Exercise Clause. *Id*. at 884-85. Rather, the test of whether the prisoner's belief is "sincerely held" and "rooted in religious belief" determines the Free Exercise Clause inquiry. *Id*. The prisoner must demonstrate that the religious practice satisfies two criteria: (1) the proffered belief must be sincerely held and (2) the claim must be rooted in religious belief, not in purely secular philosophical concerns. *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (cited with approval in *Shakur*, 514 F.3d at 884).

In the original and first amended complaints, plaintiff said that he was subjected to forced medication with antipsychotic drugs in violation of his religious beliefs and arguably his due process rights. Plaintiff stated that he is a member of the Cult of Santo Daime, which has the belief that adherents may never be dependent on anything but the deity. He contends the involuntary medication forced him to become dependent on drugs in violation of this tenet. He also indicates that having "visions" allowed him to "resonate on higher spiritual frequencies in order to communicate, receive guidance, from higher beings, the super soul, etc." Dkt. No. 1 at 6.

These claims must be construed in light of plaintiff's significant history of mental illness, which is documented by exhibits plaintiff attached to the original complaints and deemed incorporated by reference for present purposes, *see Jones v. Progressive Cas. Ins. Co.*, Case No. 16-cv-06941-JD, 2018 WL 4521919, at *2 (N.D. Cal. Sept. 19, 2018). *See* Dkt. No. 1. The key

4

1   documents include an order by the Siskiyou County Superior Court with respect to involuntary
2   medication. Dkt. No. 1-1 at 2-5. A doctor for the state hospital testified that plaintiff had a
3   diagnosis of schizophrenia and psychotic disorder, and suffered from paranoia and delusions. *Id*.
4   at 5. The doctor testified that plaintiff needed medication for treatment of these disorders and had
5   not shown any side effects from the medication. *Id*. Medical and other records indicated that
6   plaintiff had a history of severe symptoms including impulsive aggression and involuntary
7   psychiatric hospitalizations. *Id*. at 12-13. Plaintiff was deemed incompetent to stand trial in
8   Massachusetts in 2011 for armed assault with intent to murder. *Id*. The superior court found that
9   plaintiff lacked the capacity to make decisions regarding antipsychotic medication and that if the
10  mental disorder was not treated, he would be subject to serious harm to his physical or mental
11  health. *Id*. at 3-4.

12  The Court dismissed the complaints here with leave to amend because plaintiff had not
13  plausibly alleged a due process violation with respect to forced medication. He received the
14  required due process, and the record reflected that he was at serious risk to himself without
15  medication. In addition, the complaints did not adequately allege a sincerely held religious belief
16  or indicate why the hospital did not have a legitimate penological interest in keeping plaintiff and
17  others safe.

18  The SAC again did not plausibly allege a violation of his due process rights with respect to
19  involuntary medication, particularly in light of the proceedings in Siskiyou County Superior
20  Court. The documents attached to the original complaint demonstrate that plaintiff was afforded
21  ample due process with respect to medication. Consequently, given the prior opportunities to
22  amend, and the virtual certainty that further amendment would be futile, a due process claim is
23  dismissed with prejudice.

24  For the RLUIPA and First Amendment claims, the Court will assume at this stage of the
25  case, albeit with some reservations, that plaintiff holds sincere beliefs about "visions" and
26  "dependency" that are substantially burdened by forced medication. The question then is whether
27  the administration of antipsychotic medication was the least restrictive means of serving a
28  compelling governmental interest. *See Walker*, 789 F.3d at 1136. Although the Court can see a

1    good argument in that direction, it will require defendants to make their case on the question.

## CONCLUSION

1. All due process claims are dismissed with prejudice. Defendants will file a motion responding to the RLUIPA and First Amendment claims. The case is stayed in all other respects pending further order.

2. The case will go forward against the California Department of State Hospitals, Cindy Black, Dr. Sarah J. Polfliet and Dr. Ahmed. The Clerk will issue a summons and the United States Marshal will serve, without prepayment of fees, copies of the complaint (Dkt. No. 9) with attachments and copies of this order on the California Department of State Hospitals, Cindy Black Executive Director of Napa State Hospital, Dr. Polfliet at Napa State Hospital and Dr. Ahmed of Unit Q-9 at Napa State Hospital

3. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **thirty-five days** from the date of service, defendants will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If defendant is of the opinion that this case cannot be resolved by summary judgment, he will so inform the Court prior to the date his summary judgment motion is due. All papers filed with the Court will be promptly served on the plaintiff.

    b. At the time the dispositive motion is served, defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

    c. Plaintiff's opposition to the dispositive motion, if any, will be filed with the Court and served upon defendants no later than twenty-eight days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which

1   is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),
2   and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

3       If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust
4   his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take
5   note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided
6   to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

7       d.    If defendants wish to file a reply brief, they shall do so no later than
8   fourteen days after the opposition is served upon him.

9       e.    The motion shall be deemed submitted as of the date the reply brief is due.
10  No hearing will be held on the motion unless the Court so orders at a later date.

11      4.    All communications by plaintiff with the Court must be served on defendants, or
12  defendants' counsel once counsel has been designated, by mailing a true copy of the document to
13  defendants or defendants' counsel.

14      5.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
15  informed of any change of address by filing a separate paper with the clerk headed "Notice of
16  Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to
17  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
18  Civil Procedure 41(b).

19  **IT IS SO ORDERED.**

20  Dated: February 6, 2023

_____
JAMES DONATO
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.